## MASON *v.* THOMAS.

A surveyor of highways is justified by his warrant in taking a distress for non-payment of a tax, though, in limiting his district, the selectmen have included a road or roads which are not public highways in the town.

It is not necessary that the place at which a tax-payer has notice to attend, for the purpose of working out his tax, should be directly on any highway in the district. It is enough if the place does not appear to be improper and inconvenient.

A distress, taken on Monday, for neglect to pay a highway tax, is properly advertised on the following Saturday to be sold the next Monday.

If the town records state that the selectmen chosen, " being present, took the oath of office by law prescribed," it is sufficient, without stating before whom the oath was taken.

TROVER, for a wagon taken and sold by the defendant, as a distress for the plaintiff's highway tax of 1856.

The town record showed that the selectmen chosen that year, " being present, took the oath of office by law prescribed." The plaintiff objected that this was not sufficient evidence that the selectmen took the proper oath of office, and that the warrant of the selectmen under which the defendant acted was therefore invalid. The plaintiff also objected that the warrant included in the defendant's district a road which was not a highway in the town.

The defendant's return showed that the plaintiff had notice to attend, for the purpose of working out his tax, at or near the plaintiff's house, which was not directly on any highway in the district; that the distress was taken on Monday, advertised on Saturday of the same week, to be sold on the succeeding Monday, and was sold accordingly.

The plaintiff objected that the place at which he was required to attend was not legal and proper; that the distress was not advertised for sale within the time required by law, and was kept too long after the advertisement before the sale. All these objections were overruled, to which the plaintiff excepted.

The jury found a verdict for the defendant, which the plaintiff moves to set aside.

*Rogers*, for the plaintiff.

*Pike & Barnard*, for the defendant.

PERLEY, C. J. The record of the oath taken by the selectmen follows the language of the statute, and is sufficient. It would not be the oath by law prescribed unless it were taken before " the moderator, the town-clerk, one of the selectmen, or a justice of the peace," as the statute directs. Comp. Stat. 107, secs. 1, 2 ; *Gordon* v. *Clifford*, 28 N. H. (8 Foster) 402 ; *Scammon* v. *Scammon*, 28 N. H. (8 Foster) 429.

It is objected that the defendant's warrant as surveyor included a road or roads which were not public highways in the town. The statute, Comp. Stat. 146, sec. 4, provides that the selectmen, on or before the first day of May, shall limit the several surveyors' districts, and give to each a list of the several persons in his district, with the highway tax assessed to each, and a warrant to collect the same. The selectmen are the officers charged by the law with the duty of determining on what roads the several highway surveyors shall apply the taxes in their respective lists ; and the responsibility of deciding what roads are public highways, which the town is bound to maintain, would seem to rest upon them, and not upon the highway surveyors, who act under a warrant which by the statute is required to define the limits of their districts.

The surveyor of highways is the collector of highway taxes in his district ; the taxes are committed to him for collection ; his warrant, following the language of the statute, empowers him to " *collect*" the taxes in his list. Comp. Stat. 146, sec. 4. He is within the letter and spirit of the law, which provides that " no person, to whom any list of taxes shall be committed for collection, shall be liable to any suit or action by reason of any irregularity or illegality of the town or the selectmen." Comp. Stat. 126, sec. 16. Including in the warrant a road that was not a public highway, if it were irregular or illegal, was an

irregularity or illegality of the selectmen, and the surveyor is protected under the statute by his warrant.

The statute requires the surveyor to give a tax-payer notice of the time when and the place where he shall *attend* to work out his tax. Neither the language of the statute nor anything in the object of the notice requires that the place notified should be directly on any highway in the district; and nothing stated in the case shows that the plaintiff's house was not a convenient and suitable place to attend, before proceeding to work on the highways under the direction of the surveyor.

When goods are distrained for non-payment of taxes the statute requires the collector to keep them four days before he advertises them for sale. Comp. Stat. 124, sec. 6. According to the construction which has been applied to like cases, the day of taking and the day of advertising must both be excluded in computing the four days. This rule has been applied in reckoning the fourteen days required in the service of writs and in the warning of town-meetings, and is clearly applicable to the present case. As there were four days intervening between Monday, when the goods were taken, and the following Saturday, when they were advertised to be sold, this objection cannot prevail.

When the time of notice is less than one week, and can include but one Sunday, we understand the rule to be that Sunday is to be excluded in computing the time. *Thayer* v. *Felt*, 4 Pick. 354. The Sunday in this case was therefore to be excluded in reckoning the twenty hours between the advertisement and the sale, and the goods were properly and legally advertised on Saturday to be sold on the Monday following.

*Judgment on the verdict.*